# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TIMOTHY SHAWN MANN,**
        **Petitioner,**

  v.                                Case No. 05C1159

**JOHN HUTCH,**
        **Respondent.**

---

## ORDER

On November 4, 2005, petitioner Timothy Shawn Mann filed this petition pursuant to 28 U.S.C. § 2241. Although his claims are somewhat amorphous, petitioner appears to be challenging a prison disciplinary "sentence" that resulted in a loss of good time credits, thus extending his period of incarceration.

Petitioner's claim is properly brought pursuant to 28 U.S.C. § 2254 rather than § 2241 because § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody," including the loss of good time credit in prison disciplinary proceedings. Walker v. O'Brien, 216 F.3d 632, 633 (7th Cir. 2000); see also McPherson v. McBride, 188 F.3d 784 (7th Cir. 1999) (concluding that § 2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings). As the Seventh Circuit explained in Walker, § 2254 "implements the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." Walker, 216 F.3d at 633.

However, before I recharacterize petitioner's filing as a § 2254 petition, I must notify petitioner that such recharacterization may bar him from asserting a habeas challenge to his state sentence at a later date. This is so because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. See, e.g., Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (holding that a court must give a petitioner notice before recharacterizing a § 2241 petition as a § 2254 petition); see also O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998) (holding that a prisoner is entitled to "one, [and] only one, full and fair opportunity to wage a collateral attack"). Thus, a petitioner must present all of his known claims in his first petition–he cannot attack his conviction in piecemeal fashion. See Rule 2(c)(1) of the Rules Governing Section 2254 Cases (stating that the petition must "specify all the grounds for relief").

Accordingly, petitioner shall notify the court within thirty (30) days of the date of this order if he consents to the recharacterization of his § 2241 petition as a § 2254 petition. If he consents to the recharacterization, petitioner may amend his petition to include additional claims alleging that his state court conviction and sentence were imposed in violation of the Constitution. Alternatively, petitioner may withdraw his petition.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order, petitioner shall notify the court concerning his consent to the recharacterization of his § 2241 petition as a § 2254.

Dated at Milwaukee, Wisconsin, this 23 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge