# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY SHAWN MANN,**

    **Petitioner,**

  v.                    Case No. 05C1159

**JOHN HUTCH,**

    **Respondent.**

## ORDER

On November 4, 2005, petitioner Timothy Shawn Mann filed this petition pursuant to 28 U.S.C. § 2254,[1] challenging a prison disciplinary "sentence" that resulted in a loss of good time credits. Petitioner is currently incarcerated at the Milwaukee Secure Detention Facility.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

As stated above, petitioner challenges a prison disciplinary sentence that resulted

---

[1] Petitioner originally filed his petition pursuant to 28 U.S.C. § 2241. However, in a letter dated November 27, 2005, petitioner consented to having the petition recharacterized as a petition pursuant to 28 U.S.C. § 2254.

in a loss of good time credits, thus extending his period of incarceration. See Harris v. Duckworth, 909 F.2d 1057, 1058 (7th Cir. 1990) (indicating that habeas petition is proper procedural vehicle to challenge a loss of good-time credits). He appears to be claiming that his due process rights were violated when the prison warden's decision to revoke his good time credits was the result of bias against petitioner. This is clearly a constitutional issue. See Francis v. Coughlin, 891 F.2d 43, 46 (2d Cir. 1989) (explaining that "[s]ince the touchstone of the right of due process is freedom from arbitrary governmental action, . . . it is axiomatic that a prison disciplinary hearing in which the result is arbitrarily and adversely predetermined violates this right"). Because petitioner has presented at least one constitutional issue, I will not summarily dismiss his petition.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as

follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent John Hutch and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge