UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIMOTHY SHAWN MANN,**
        **Petitioner,**

    v.                                  **Case No. 05C1159**

**JOHN HUSZ,**
        **Respondent.**

## ORDER

On November 4, 2005, petitioner Timothy Shawn Mann filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 23, 2005, respondent moved to dismiss because petitioner had failed to exhaust all available state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). Soon after, petitioner filed a motion to voluntarily dismiss this case without prejudice so that he could exhaust his state court remedies, and the case was dismissed without prejudice on January 3, 2006.

On May 9, 2006, petitioner filed a "Motion for Reconsideration and Motion to be Excused from Procedural Default." However, although he did not so state, petitioner's motion to dismiss arose under Fed. R. Civ. P. 41(a)(1), which allows a petitioner to dismiss a petition without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment." Once a party files a Rule 41(a)(1) dismissal "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003) (quoting Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001)); Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073,

1078 (7th Cir. 1987) (stating that Rule 41(a)(1)(i) dismissal "strips a court of jurisdiction" in the sense that it "terminates the case all by itself. There is nothing left to adjudicate.") (internal quotations omitted). Accordingly, I must dismiss petitioner's motion for lack of jurisdiction.

Moreover, even if I considered petitioner's request to excuse his procedural default, I would still deny the motion. A petitioner's procedural default may be excused "upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice."[1] Moore v. Casperson, 345 F.3d 474, 484 (7th Cir. 2003). In order to show prejudice, a petitioner must prove that any errors worked to his "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

In his motion, petitioner claims that his habeas petition raises two procedural due process claims. The first claim is based on a prison official's failure to give him "1st notice or 2nd notice of hearing rights at a disciplinary hearing on June 28, 2005." (Pet'r's Mot. at 8.) With respect to the second claim, petitioner states that "these same prison officials are denying him the right of access to courts by preventing him from exhausting his administrative remedies." (Id.) These conclusory allegations are insufficient to establish prejudice. See United States v. Antonelli, No. 05 C1195, 2006 U.S. Dist. LEXIS 26306, at *9 (N.D. Ill. Apr. 19, 2006) (stating that "[i]t is not enough for a defendant to make

---

[1] A fundamental miscarriage of justice occurs when a petitioner can prove that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner does not claim that a failure to grant him relief would result in a fundamental miscarriage of justice. Regardless, he cannot meet this standard as he makes no claim that he is actually innocent of the offense causing the loss of his good time credits.

2

conclusory allegations of cause and prejudice; the burden can only be satisfied by a specific showing of their existence") (citing Norris v. United States, 687 F.2d 900-904 (7th Cir. 1982)); see also Rupert v. Johnson, 79 F. Supp. 2d 680, 695 (W.D. Tex. 1999) (stating that cause and prejudice may be shown by the use of affidavits and sworn statements and that conclusory allegations are insufficient). Moreover, petitioner did not present these claims in his habeas petition and thus, it is unclear why he is attempting to assert prejudice based on these claims.[2]

Petitioner makes no attempt to establish prejudice with respect to the one claim that he did raise in his habeas petition, that the warden violated his due process rights. In his petition, he claimed that

> Warden Mickey McCash whom [sic] rendered the decision on Mann's appeals is also a party against Timothy Mann on a lawsuit and was a conflict of interest and bias in answering and decision making on Mann's Appeal of his conduct report # 15983955. Mann feel's [sic] that the warden intentionally maxed him out due to the fact that Mann filed a civil claim against staff members and Marshall Sherrer Correctional Center.

(Petition at 9.) These conclusory statements alone are insufficient to establish prejudice. See Antonelli, 2006 U.S. Dist. LEXIS 26306, at *9. Accordingly, because petitioner has failed to establish prejudice, I would deny his motion on the merits.

For the reasons stated,

---

[2] Further, petitioner's claim that "prison officials are denying him the right of access to the courts" is not cognizable on habeas review because this claim does not challenge the fact or duration of custody. See Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (explaining that "[s]tate prisoners who want to raise a constitutional challenge to any other decision [not affecting the fact or duration of custody] . . . must instead employ [42 U.S.C. §] 1983 or another statute authorizing damages or injunctions").

3

**IT IS ORDERED** that petitioner's "Motion for Reconsideration and Motion to be Excused from Procedural Default" is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin this 17 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge